**STRICKLAND v. UNITED STATES.**

No. 6021.

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1950.

Decided March 10, 1950.

Thomas A. Wofford, Greenville, S. C. (J. W. Arnold, Knoxville, Tenn., on brief), for appellant.

Edward P. Riley, Asst. U. S. Atty., Greenville, S. C. (Oscar H. Doyle, U. S. Atty., Anderson, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment and sentence upon a conviction of operating an illicit distillery in violation of sections 2810, 2831 and 2833 of Title 26 of the United States Code Annotated. There was ample evidence that a large still had been set up and had been in operation shortly prior to the date charged in the indictment. The only question was as to the sufficiency of the evidence to connect appellant with its operation. We think it amply sufficient for that purpose. Appellant was found in close proximity to the place where the distillery had been operated, which was fifty miles or more from his home, with no explanation offered as to his presence in such a suspicious locality; he admitted bringing to the place two men who were removing fermenters which had evidently been used at the distillery; in his automobile was found a chain fall bearing marks from which the jury might have inferred, in connection with marks on the distillery boiler, that it had been used in lifting the boiler; a half gallon of illegal whiskey was found near his car; and a few days after his arrest he approached a man living in the neighborhood and attempted to have him give testimony with regard to the pouring out of mash at the still site. It is not necessary that direct evidence of appellant's connection with the distillery be produced, but it is sufficient if there is circumstantial evidence to that effect; and

the circumstances here were of such character as to leave no reasonable doubt as to the defendant's connection with the illegal enterprise.

Affirmed.